IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 17, 2002

## STATE OF TENNESSEE v. FELIX M. LEACH

**Direct Appeal from the Criminal Court for Williamson County**
**No. II-1100-347    Timothy L. Easter, Judge**

_____

**No. M2001-02258-CCA-R3-CD - Filed November 15, 2002**

_____

On November 13, 2000, a Williamson County grand jury indicted the defendant, Felix M. Leach, for possession with intent to sell or deliver cocaine, possession of marijuana, and possession of drug paraphernalia. In a negotiated plea agreement dated June 19, 2001, the defendant pled guilty as a Range II, multiple offender to each of the three counts of the indictment. The plea agreement specified that the three sentences would run concurrently and that all remaining sentencing issues would be determined by the trial court following a sentencing hearing. After a sentencing hearing, the trial court sentenced the defendant to ten years for possession with intent to sell or deliver cocaine, eleven months and twenty-nine days for each of the other two counts, and ordered the sentences to be served consecutively to a previous sentence that he was on probation for at the time. The defendant raises two issues on appeal: (1) whether the ten-year sentence for possession with intent to sell or deliver cocaine was excessive; and (2) whether the three sentences should be concurrent or consecutive to the sentence for which he was on probation at the time. After reviewing the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

John H. Henderson, District Public Defender, for the appellant, Felix M. Leach.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## FACTS

On July 9, 2000, officers of the Franklin Police Department executed a search warrant at the defendant's residence. During the search, two bags of cocaine, marijuana, $2502 in cash, a digital titanium scale with cocaine residue, a shotgun with a pistol grip, two sawed-off shotguns, shotgun shells, and a brass knuckle-knife were recovered. The cocaine was found in the defendant's bedroom in a nightstand drawer with his driver's license and a $5000 credit card bill in his name. At the time of the search, the defendant was on probation and serving an eight-year sentence for three 1999 cocaine convictions.

The sentencing hearing was held on August 3, 2001. David Pratt of the Board of Probation and Parole, Officer Rodney Escobar of the Franklin Police Department, and the defendant testified at the hearing.

Mr. Pratt testified that he prepared the presentence report and that the defendant was on probation for prior drug convictions at the time of the instant offenses. The defendant had been released just over three months earlier from boot camp on March 7, 2000. Mr. Pratt testified that the defendant had three felony drug convictions, a misdemeanor weapons conviction, and several juvenile convictions, including a cocaine conviction that would have been a felony had it been committed by an adult.

Officer Escobar testified that he was one of the officers who executed the July 9, 2000, search warrant at the defendant's residence. According to his testimony, the loaded and chambered shotgun was found under the defendant's bed in his bedroom. Several people, including a young child, were in the bedroom watching television. Officer Escobar testified that the child was within a few feet of the gun and the cocaine. He also testified that the defendant, after being Mirandized, admitted that the cocaine belonged to him and that he was making $3500 weekly from the sale of drugs.

The defendant testified that he was currently serving an eight-year sentence for three 1999 drug convictions. He denied that he was selling the drugs and claimed that he was just holding them for his cousin who "set him up." He explained that his cousin would give him "fifty, one hundred dollars here and there" whenever he would come by to pick up more cocaine. He said that his initial admission to owning the drugs was only to protect his family. The defendant testified that his legal problems were all drug-related and that if it "wasn't for drugs, I never would have seen this courtroom."

## ANALYSIS

The defendant raises two issues on appeal: (1) whether the ten-year sentence imposed by the trial court for possession with intent to sell or deliver cocaine was excessive; and (2) whether his sentences should be concurrent or consecutive to the sentence for which he was on probation at the time.

## I. Standard of Review

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993). However, this court is required to give great weight to the trial court's determination of controverted facts as the trial court's determination of these facts is predicated upon the witnesses' demeanor and appearance when testifying.

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210; State v. Scott, 735 S.W.2d 825, 829 (Tenn. Crim. App. 1987).

The party challenging the sentences imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169. In this case, the defendant has the burden of illustrating the sentence imposed by the trial court is erroneous.

## II. Length of Sentence

The defendant argues that the trial court improperly sentenced him to ten years for possession with intent to sell or deliver cocaine. Sentencing the defendant as a Range II, multiple offender, the trial court imposed the maximum sentence.

In sentencing the defendant, the trial court found no mitigating factors applicable but applied the following four enhancement factors:

> (1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
>
> (8) The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community;

(13) The felony was committed while on any of the following forms of release status if such release is from a prior felony conviction:

. . . .

      (C) Probation; and

(20) The defendant was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult.

Tenn. Code Ann. § 40-35-114(1), (8), (13)(C), (20).

The defendant does not contest the application of the above enhancement factors, and we conclude that the record of the sentencing hearing and the presentence report support the application of each factor. According to the presentence report, the defendant has three prior cocaine felony convictions and a weapons conviction. Accordingly, his prior criminal history warrants the application of enhancement factor (1). In February 1999, the defendant was sentenced to nine years in Community Corrections for felony cocaine convictions. In April 1999, he tested positive for marijuana, the sentence was revoked in July 1999, and he was resentenced to eight years in the Department of Correction. The defendant was placed on probation after completing boot camp in March 2000 only to violate probation in June 2000 by testing positive for cocaine. The instant offenses were also committed while on probation. Clearly, enhancement factors (8) and (13) were properly applied. As to enhancement factor (20), the defendant, as a juvenile, pled guilty to sale or distribution of cocaine, which would have been a felony if committed by an adult.

In determining the appropriate sentence for a felony conviction, the sentencing court, if there are enhancement factors but no mitigating factors, may set the sentence above the minimum in that range but still within the range. See Tenn. Code Ann. § 40-35-210(d) (Supp. 1999); State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996). There is no mathematical formula of evaluating the enhancement factors to calculate the appropriate sentence. See generally Boggs, 932 S.W.2d at 475. "Rather, the weight to be afforded an existing factor is left to the trial court's discretion so long as the court complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record." Id. at 475-76 (citations omitted). The trial court, after weighing and considering the enhancement factors, imposed the maximum sentence of ten years. We conclude, upon *de novo* review, that imposition of a sentence of ten years is not excessive and is "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(4). This issue is without merit.

The defendant contends that the court erred in refusing to apply the following three mitigating factors:

(1) The defendant's criminal conduct neither caused nor threatened serious bodily injury;

(7) The defendant was motivated by a desire to provide necessities for the defendant's family or the defendant's self; and

(13) Any other factor consistent with the purposes of this chapter.

Tenn. Code Ann. § 40-35-113(1), (7), (13).

The defendant argues that factor (1) should have been applied because the Tennessee Supreme Court has rejected a per se exclusion of this mitigating factor in cocaine possession cases. See State v. Ross, 49 S.W.3d 833, 849 (Tenn. 2001). However, in Ross, the supreme court also held that the dangerous nature of cocaine, combined with the dangerous nature of many drug transactions, may indeed support the rejection of this factor as constituting a threat of serious bodily injury. Id. at 848; see State v. Vanderford, 980 S.W.2d 390, 407 (Tenn. Crim. App. 1997); State v. Keel, 882 S.W.2d 410, 422 (Tenn. Crim. App. 1994). Here, the record shows that the defendant was running some type of cocaine distribution operation out of his home. Three shotguns were kept in his home, one of which was loaded and under his bed, just a few feet away from a child. We cannot conclude that the trial court's decision that this conduct posed a threat of serious bodily injury was improper. Therefore, the trial court correctly declined to apply this factor.

The defendant next argues that factor (7) should have been applied because he testified that he used the money he made from selling cocaine to help his family. Aside from this general assertion, no evidence of any family exigency or financial problems was offered. Furthermore, the defendant is unmarried and has no children. We conclude that the trial court properly declined to apply this factor.

The defendant contends that factor (13) should have been applied because he obtained his GED and attended college for a year and a half. On appeal, the defendant candidly acknowledges that there is no case law to support the proposition that furthering one's education qualifies as a mitigating factor "consistent with the purposes" of the sentencing statutes. See Tenn. Code Ann. § 40-35-113(13). In fact, a counter argument could be made that a better educated defendant would more appreciate the criminality of his actions than would one with less education. Likewise, an argument could be made that a better educated defendant's decision to sell drugs, rather than pursue employment opportunities available because of that education, evidences a decision that selling drugs is more profitable than gainful employment.

The record reflects that the trial court considered all of the mitigating factors and found that "none hold enough weight to mitigate the sentence." We agree and conclude that the argument is without merit.

### III. Consecutive Sentencing

The defendant argues that the trial court improperly ordered the sentences from the instant offenses to run consecutively to the eight-year sentence from the 1999 convictions.

As a general rule, consecutive sentences are imposed at the discretion of the trial court upon its consideration of one or more of the following statutory criteria:

(1)   The defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;

(2)   The defendant is an offender whose record of criminal activity is extensive;

(3)   The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4)   The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5)   The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6)   The defendant is sentenced for an offense committed while on probation; or

(7)   The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).  These criteria are stated in the alternative; therefore, only one need exist to support the appropriateness of consecutive sentencing.

The trial court applied criteria (1) and (6).  The defendant only contests the application of criterion (1).  Criterion (6), which clearly applies, is not contested.  Because only one of the statutory criteria need apply for consecutive sentencing to be proper, the defendant's argument is baseless. However, the record supports the trial court's finding that the defendant is "a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood." See id. § 40-35-115(b)(1).

-6-

The defendant has several convictions for the sale of drugs dating back to when he was a juvenile. The defendant admitted that his involvement in the drug trade is to provide extra income; however, the amount of money the defendant made is unclear. At the sentencing hearing, Officer Escobar testified that the defendant stated that he was making $3500 weekly from drug sales. The defendant's testimony was that he was being paid $50 or $100 every time his cousin came by to pick up more drugs. His personal statement was that he was making $200 biweekly from his job at Hardee's restaurant. Even using the lowest figure available, the money made from drugs was a major source of the defendant's livelihood. We conclude that the trial court properly found that the defendant is a professional criminal under Tennessee Code Annotated section 40-35-115(b)(1).

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the trial court's judgments of conviction.

_____

ALAN E. GLENN, JUDGE